Eastern District of Kentucky
F I L E D

MAY 04 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-CV-601- KKC

JAMES MICHAEL SMITH                                       PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

D. L. STINE                                            RESPONDENT

This matter is before the Court for consideration of the petitioner's Motion to Set Aside Judgment and/or Motion Pursuant to Rule 52(b). The petitioner complains that the Court only addressed one of the two issues he raised in its Memorandum Opinion and Order of March 31, 2005 [Record No. 5], wherein the Court dismissed his case without prejudice. In that Memorandum Opinion and Order, the Court addressed and dismissed the double jeopardy claim. The petitioner claims he also presented an 18 U.S.C. §3585(b) sentence credit claim within the same petition and that said claim was unresolved by the Court's action [Record No. 5]. While that contention is disputable, the Court, in an abundance of caution, will presently attempt to construct the petitioner's sentence credit claim and address it.

## CLAIM

The petitioner claims that he is entitled to credit against his federal sentence for time he has served in satisfaction of a Wisconsin state sentence and its subsequently imposed parole violation sentence. He rationalizes he is entitled to credit against his federal sentence for time served in satisfaction of his Wisconsin sentence and subsequent parole violation sentence from December 10,

1

1999, through July 27, 2001, which was prior to his federal sentence having been issued.

## FACTUAL ALLEGATIONS

The following chronology of facts form the basis for the petitioner's claim:

**December 10, 1999** - the petitioner was paroled from service of a state sentence imposed by Wisconsin.

**July 6, 2000** - the petitioner was arrested pursuant to a Wisconsin parole violator warrant.

**December 19, 2000** - a federal grand jury returned an indictment against the petitioner.

**December, 2000** - the petitioner was brought into temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum.*

**January 8, 2001** - the Wisconsin Parole Board deemed the petitioner's parole violated and revoked and ordered the petitioner to serve the remainder of his eleven (11) year Wisconsin sentence.

**July 27, 2001** - a federal court sentenced the petitioner to serve 160 months for his conviction on the federal indictment charges, which 160 months was ordered to run concurrently with his Wisconsin sentence. The Federal Bureau of Prisons granted a *nunc pro tunc* designation to the Wisconsin state facility where the petitioner was to become re-confined so that from July 27, 2001 forward, the time the petitioner served in the Wisconsin state facility could be credited to satisfaction of the petitioner's 160-month federal sentence.

**August 2001** - the petitioner was returned to Wisconsin's primary custody to complete the service of his eleven (11) year state sentence.

**May 13, 2002** - the federal sentencing court modified the petitioner's federal sentence to service of only 110 months, to run concurrently with his state sentence.

**October 1, 2002** - the petitioner completed service of his state sentence and Wisconsin relinquished custody of the petitioner to United States Marshals, who delivered the petitioner to the Federal Bureau of Prisons for service of the remainder of his federal sentence.

### 18 U.S.C. §3585(b)

18 U.S.C. §3585(b) sets forth that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed-- that has not been credited against another sentence." Thus, under §3585(b), because the petitioner was getting credit towards service of his Wisconsin sentence, he was not entitled to any credit towards his federal sentence while he was in Wisconsin confinement, unless the BOP afforded the Wisconsin prison a *nunc pro tunc* designation pursuant to BOP Program Statement 5160.03, ¶8(b) and/or 18 U.S.C. §3621(b), which the BOP allegedly did as of July 27, 2001. Prisoners may ask the U.S. Attorney General pursuant to 18 U.S.C. §3621(b) to *nunc pro tunc* designate a state prison to be the petitioner's place of federal confinement for purposes of calculating service of their federal sentence. The petitioner now, in essence, complains that the BOP's *nunc pro tunc* designation did not go back far enough and that it should have gone back to the inception of his state sentence, December 10, 1999, which was prior to his July 27, 2001 sentencing for the federal conviction. Thus, the petitioner complains that he has not been afforded credit against his federal sentence for the time he served in satisfaction of his prior state conviction from December 10, 1999, until July 27, 2001.

The federal courts have no jurisdiction over this matter which is within the discretion of the

3

Attorney General and the Federal Bureau of Prisons. BOP Program Statement 5160.03 authorizes the BOP to retroactively designate a state prison as the place for service of all or part of a federal sentence. BOP Program Statement 5160.03, ¶8(b); *Rogers v. U.S.*, 180 F.3d 349, 357 (1st Cir. 1999); *McCarthy v. Doe*, 146 F.3d 118, 119 (2d Cir. 1998); *United States v. Pineyro*, 112 F.3d 43 (2d Cir. 1997); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Set Aside Judgment and/or Motion Pursuant to Rule 52(b) [Record No. 7] is **DENIED**.

This the 4th day of May, 2005.

Signed By:
**Karen K. Caldwell** KKC
**United States District Judge**